# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BRANDON S. LAMBERT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00001 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| | ) | By: James P. Jones |
| **MIDDLE RIVER REGIONAL JAIL,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Brandon S. Lambert, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that an officer at a local jail used excessive force against him. After review of the record, I conclude that the action must be summarily dismissed.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The only entity that Lambert names as a defendant in this case is the jail itself. The jail, however, is not a person subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992).

Because Lambert's complaint presents no legal basis for a claim actionable under § 1983 against the only defendant he has named, the court will summarily dismiss this action without prejudice under § 1997e(c)(1) as frivolous.[1]

A separate Order will be entered herewith.

DATED: February 3, 2020

/s/ JAMES P. JONES
United States District Judge

---

[1] I note that Lambert also filed a nearly identical § 1983 complaint naming a jail official, Sergeant Walter L. Thomas, as the defendant who allegedly used excessive force against Lambert. *Lambert v. Thomas*, 7:20CV00002. Because Thomas is a person who can be sued under § 1983, I will direct the clerk to attempt service of the complaint in that case on Thomas.