# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BRANDON S. LAMBERT,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:20CV00001 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| ) | By: James P. Jones |
| **MIDDLE RIVER REGIONAL JAIL,** ) | United States District Judge |
| ) | |
| Defendant. ) | |

*Brandon S. Lambert, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that an officer at a local jail used excessive force against him and other officers were involved or participated in covering up the incident. After review of the record, I summarily dismissed the case because the only entity that Lambert identified as a defendant in the lawsuit was the Middle River Regional Jail, which is not a person subject to being sued under § 1983. Lambert now moves for reconsideration of that dismissal.

Lambert's current motion points to the detailed allegations in his Complaint about multiple jail officials. I have reviewed the Complaint, and it does not identify any of these officials as defendants or list them in the heading of the case as defendants. Thus, I cannot find that dismissal of the case was error or that the case

should be reinstated.  Accordingly, it is **ORDERED** that the pending motion, ECF No. 9, is DENIED.

Lambert has filed a separate case against Sgt. Walter L. Thomas, the officer who allegedly used excessive force against him, Case No. 7:20CV00002, which is currently pending before the court.  If Lambert wishes to pursue claims against other jail officials related to the incident involving Thomas, he may file a motion with the court seeking leave to amend his suit to add those persons in that case.[1]

ENTER: April 15, 2020

/s/ James P. Jones
United States District Judge

---

[1] The possibility of amending the pending case should not be taken as any indication from me that the allegations against other jail officials state proper claims.  Prison officials are generally not liable for their responses to the grievances or appeals.  *See Brown v. Va. Dep't Corr.*, No. 6:07-CV-00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009). Further, claims that officials failed to investigate an inmate's grievances or appeals cannot be brought under § 1983.  *Charles v. Nance*, 186 F. App'x 494, 495 (5th Cir. 2006) (unpublished) (holding that alleged failure to investigate a grievance "fails to assert a due process violation").  I also note that witnesses are immune against claims for damages based on the content of their testimony during a court proceeding.  *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983).